IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

G.Y.J.P., a MINOR CHILD, by and through her mother and Next Friend, M.R.P.S.,

    Plaintiff,

v.

CHAD WOLF, Acting Secretary of Department of Homeland Security, et al.,

    Defendants.

Civil Docket No. 1:20-cv-01511 (TNM)

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SCHEDULING ORDER

Pursuant to this Court's Minute Order of July 13, 2020, Defendants hereby respond to (1) Plaintiff's motion for an expedited scheduling order for her forthcoming motion for summary judgment, and (2) Plaintiff's alternative request that the Court designate this case as related to *J.B.B.C. v. Wolf*, No. 20-cv-01509, which is pending before Judge Carl Nichols. This Court should deny both requests. Plaintiff fails to provide a legitimate basis why the Government should be required to comply with a schedule that is shorter than even the time period to which it is entitled under the Federal Rules of Civil Procedure to respond to the Complaint. And Plaintiff ignores the "related cases" standard under Local Civil Rule 40.5(a)(3), which plainly shows that this case and *J.B.B.C.* are not related.

Plaintiff is a 13-year-old alien living in El Salvador who asserts that she was subject to a purportedly illegal order issued by the Director of the Centers for Disease Control and Prevention when she was returned to her home country of El Salvador on April 27, 2020, after having illegally crossed the U.S.-Mexico border into the United States a week earlier. *See* Compl. ¶¶ 80, 84, ECF No. 3. The CDC Director had issued the order pursuant to his authority under the Public Health

1

Service Act to prohibit the introduction of certain aliens from Mexico and Canada into the United States in order to avert the serious danger posed by the COVID-19 pandemic. The order is one of the many measures the Government has taken to combat the highly contagious disease, including closing the Nation's borders to nonessential travel and significantly restricting international air travel. Plaintiff now seeks an expedited schedule for briefing cross motions for summary judgment. But Plaintiff's purported intent to proceed with this case "on an expedited basis" is belied by her actions to date. Despite having filed her Complaint more than a month ago on June 9, 2020, Plaintiff did not perfect service for another three weeks, on June 30, 2020, *see* Return of Service, ECF No. 15, and is only seeking expedition now. Her own delay shows that expedition is unnecessary.

Apparently recognizing that she cannot meet the standard for emergency injunctive relief, Plaintiff simply asks this Court to order the Government to produce the administrative record within a week, by today (July 17, 2020), and to also order the *Government* to first move for summary judgment another week later on July 24, 2020. Yet, under Federal Rule of Civil Procedure 12(a)(2), Defendants are entitled to have sixty days just to answer or otherwise respond to the Complaint, which is not until August 31, 2020.[1] Typically, any scheduling of summary judgment briefing would occur only after the Government has responded to the Complaint. *See, e.g.*, LCvR 7(n)(1) (providing that agency "must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first").

---

[1] The 60-day period ends on August 29, 2020, which is a Saturday, and accordingly, the due date is August 31, 2020, which is the next business day. *See* Fed. R. Civ. P. 6(a)(1)(C).

2

Plaintiff tries to justify her request by asserting that the parties purportedly have presented "extensive briefing" on a similar issue before Judge Nichols. Mot. at 2. But that briefing was in the context of an emergency motion for a temporary restraining order, with briefing, oral argument, and the court's ruling occurring in just 15 days. Such a setting is hardly conducive to the full vetting of the issues. Absent an emergency, the Government should not be deprived of the time it is entitled to under the Federal Rules. Indeed, the Government has not yet prepared an administrative record for *J.B.B.C.* or this case, and it must also assess Plaintiff's extraordinary claim that the Government must bring her back from El Salvador to process her pursuant to the immigration procedures set forth in Title 8 of the U.S. Code, *see* Compl. Prayer for Relief ¶ c, which is an issue not in play in *J.B.B.C.* Moreover, Plaintiff's proposed schedule is impractical in light of Government counsel's need to balance this case against the demands of their other pre-existing caseload. For example, lead counsel for the Government is actively involved in litigation relating to the Government's implementation of capital punishment for several condemned inmates whose executions are scheduled for July and August, and those matters have proven to be extremely resource intensive.

In sum, granting expedition would prejudice the Government, while Plaintiff has advanced no legitimate reasons why the Government should be deprived of the response period it is entitled to under the Federal Rules. And Plaintiff's own delay in moving this case along belies Plaintiff's asserted need for expedition. Indeed, apart from expressing a desire for expedition and alluding to alleged persecution in her home country, Plaintiff's summary two-page motion offers no reasons that would support her remarkable request for not only a premature summary-judgment briefing schedule, but an expedited one at that.

This Court similarly should deny Plaintiff's alternative request to send this case to Judge Nichols. This case and *J.B.B.C.* plainly do not meet this Court's standard for related cases. This Court deems civil cases to be related "when the earliest [case] is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). *G.Y.J.P.* and *J.B.B.C.* share no such commonality. Tellingly, despite Plaintiff claiming on *three* separate times that the cases are related, Plaintiff has failed each time to identify which specific criteria she thinks her case shares with *J.B.B.C.* *See generally* ECF Nos. 7, 12, 25. What is more, *J.B.B.C.* is moot. The Government has excepted both plaintiffs in that action from the CDC Order and processed them under Title 8 of the U.S. Code. As the Government informed Judge Nichols, because the court can no longer grant those plaintiffs any effective relief, the Government anticipates moving to dismiss that case as moot. *See* Notice to the Court, *J.B.B.C. v. Wolf*, No. 20-cv-01509-CJN, ECF No. 41.

For all these reasons, this Court should deny Plaintiff's motion for expedition and request to designate this case as related to *J.B.B.C.*

Dated: July 17, 2020

Respectfully submitted,

                              ETHAN P. DAVIS
                              Acting Assistant Attorney General

                              DAVID M. MORRELL
                              Deputy Assistant Attorney General

                              /s/ *Jean Lin*
                              JEAN LIN (NY Bar 4074530)
                              Special Litigation Counsel
                              KEVIN SNELL (NY Bar)
                              BRADLEY CRAIGMYLE
                              Trial Attorneys
                              Federal Programs Branch

5

        Civil Division, Department of Justice
        1100 L Street, N.W.
        Washington, D.C. 20005
        (202) 514-3716
        Jean.Lin@usdoj.gov

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that July 17, 2020, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jean Lin*
JEAN LIN