UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G.Y.J.P., A MINOR CHILD, by and through her mother and Next Friend, M.R.P.S., <br><br> Plaintiff, <br><br> v. <br><br> CHAD F. WOLF, Acting Secretary of Homeland Security, in his official capacity, et al., <br><br> Defendants. | Case No. 1:20-cv-01511 (TNM) |

## MEMORANDUM ORDER

G.Y.J.P., a 13-year old unaccompanied migrant from El Salvador, alleges that she was "expelled from the United States under an unlawful deportation system that bypasses the Immigration and Nationality Act's procedural protections for children and asylum seekers." *See* Pl.'s Mot. for Scheduling Order ("Pl.'s Mot.") at 1, ECF No. 25. She filed her Complaint on June 9, 2020. G.Y.J.P. Compl., ECF No. 3. Now—more than a month later—she has moved for an expedited briefing schedule and for this case to be designated as a "related case" to *J.B.B.C. v. Wolf*, No. 20-cv-01509-CJN, under LCvR 40.5. Pl.'s Mot. at 1. The Court will deny both motions.

*First*, G.Y.J.P. insists that this case relates to a case currently pending before Judge Nichols—*J.B.B.C. v. Wolf*, No. 20-cv-01509-CJN—and asks the Court to transfer her case to him. *Id*. at 1. The Government objects. Def.'s Opp'n at 1, ECF No. 28. Under LCvR 40.5(a)(3), civil cases are "deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or

(iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent."[1] G.Y.J.P., as the party requesting the related-case designation, bears the burden of showing that her case and *J.B.B.C.* fit this definition. *See Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016). "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary." *Trump v. Comm. on Ways & Means*, 391 F. Supp. 3d 93, 95 (D.D.C. 2019) (internal quotation omitted).

G.Y.J.P., though, has not met this burden. Her motion and reply brief focus on the similarities of the legal arguments between her case and J.B.B.C.'s. She notes that both Complaints "raise the *exact same* legal challenges against the Title 42 Process against the *exact same* Defendants, and rely on the same legal arguments attacking the legality of Defendants' use of the Title 42 public health laws to create a parallel deportation process." Pl.'s Reply at 1, ECF No. 29. This, she claims, shows that both cases "involve common issues of law and fact." *Id*. (citing LCvR 40.5(a)(3)).

The issue, though, is that G.Y.J.P. misquotes the rule. LCvR 40.5(a)(3) does *not* make cases related if they "involve common issues of law," only "common issues of fact." And G.Y.J.P.'s motion identifies *no* facts common to both cases.

Indeed, the two cases are factually distinct. G.Y.J.P. is a 13-year-old girl from El Salvador allegedly fleeing targeted persecution from Salvadoran gangs. *See* G.Y.J.P. Compl. ¶¶ 76, 78. She was apprehended by U.S. Customs and Border Protection ("CBP") in April 2020 and, after spending several days in CBP custody, she was returned to El Salvador. *Id*. ¶¶ 80, 84. J.B.B.C. is a 16-year-old boy from Honduras fleeing gang violence near his home. *J.B.B.C.*, No.

---

[1] If a party objects to the designation that cases are related, as the Government does here, "the matter shall be determined by the judge to whom the case is assigned." *See* LCvR 40.5(c)(3).

20-cv-01509-CJN, Compl. ¶ 79 ("J.B.B.C. Compl."), ECF No. 1.  In June 2020, CBP apprehended him near El Paso, Texas.  *Id*. ¶ 80.  When he filed his Complaint, J.B.B.C. remained in CBP custody, *id*. ¶ 84, though the Government has recently transferred him to the custody of the Office of Refugee Resettlement, Department of Health and Human Services, for immigration processing under Title 8 of the U.S. Code, *see J.B.B.C.*, Notice to the Court, ECF No. 41.

Each Plaintiff has *similar* stories, but they are factually distinct.  And these distinctions will likely matter when the Court considers each case on the merits.  Throughout each Complaint, Plaintiffs challenge the appropriateness of the application of the "Title 42 Process and regulation" to each Plaintiff.  *See, e.g.*, G.Y.J.P. Compl. ¶¶ 108–09 ("Defendants' expulsion of G.Y.J.P. pursuant to the Title 42 Process violated the TVPRA.  As a result, Defendants' application of the Title 42 Process and regulation *to G.Y.J.P.* was contrary to law." (emphasis added)); J.B.B.C. Compl. ¶¶ 120–21 ("Defendants applied the Title 42 Process and regulation to J.B.B.C. without any of these required safeguards.  Application of the Title 42 Process and regulation *to J.B.B.C.*, resulting in his imminent expulsion to Honduras where he faces threat of persecution and torture, therefore violated 8 U.S.C. § 1231(b)(3), and its implementing regulations." (emphasis added)).

Though the goal of each Plaintiff is the same—to challenge Defendants' Title 42 Process—sharing the same litigation purpose is not enough to make the cases related.  *See Comm. on the Judiciary v. McGahn*, 391 F. Supp. 3d 116, 121–22 (D.D.C. 2019) ("The principle behind the related case rule is that in certain instances, the strong presumption of random case assignment is outweighed by the interests of judicial efficiency in narrow circumstances, such as when virtually identical and highly overlapping issues of fact are likely to be resolved in two cases. . . .  Relation based on a litigant's purpose simply sweeps too broadly.").  The factfinder

3

will need to evaluate the distinct facts of each case to determine whether Defendants inappropriately applied the Title 42 Process to each Plaintiff.

So, since G.Y.J.P. has identified no common facts between her case and J.B.B.C.'s, the Court will not deem the cases related.

*Second*, G.Y.J.P. asks the Court to set an expedited briefing schedule for cross-motions for summary judgment, suggesting that the Government should produce the administrative record and file an opening summary judgment brief more than a month before the Government's Answer is due. Pl.'s Mot. at 2. Courts "shall expedite the consideration of any action . . . if good cause therefor is shown." 28 U.S.C. § 1657(a).[2] But "[d]istrict courts enjoy broad discretion when deciding case management and scheduling matters." *See McGehee v. U.S. Dep't of Justice*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019); *see also* 28 U.S.C. § 1657(a).

G.Y.J.P.'s request comes more than a month after she first filed the Complaint and her motion provides no reason for adopting such an aggressive briefing schedule. In her reply brief, she notes that she did not try to quickly resolve her case earlier because she expected similar issues to be resolved in *J.B.B.C.*, where the parties presented briefing for a temporary restraining order and were considering following an expedited summary judgment schedule.[3] Pl.'s Reply at 5. Still, in her reply brief, G.Y.J.P. does not explain why an expedited summary judgment schedule is necessary for her case now. The Government, on the other hand, has provided several reasons why it would be prejudiced by the Court ordering it to respond to Plaintiff's

---

[2] Under 28 U.S.C. § 1657(a), "good cause" is shown only where a claim arises "under the Constitution of the United States or a Federal Statute . . . in a factual context that indicates that a request for expedited consideration has merit."

[3] That expedited briefing schedule has stalled since the Government now suggests J.B.B.C.'s case is moot. *See J.B.B.C.*, Notice to the Court, ECF No. 41. Thus G.Y.J.P. is forced to resolve the issues in her own case rather than rely on *J.B.B.C.*

4

Complaint more than a month earlier than required under the Federal Rules of Civil Procedure. *See* Defs.' Opp'n at 2–3.

This Court's general practice is to adhere to the traditional civil litigation sequence: the plaintiff files a complaint; then the defendant answers or seeks dismissal of the complaint; then–in APA cases—the Government produce an administrative record; and only then does the Court consider motions for summary judgment. *Accord Comm. on Ways & Means v. U.S. Dep't of the Treasury*, No. 1:19-CV-01974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019). If G.Y.J.P. does truly face imminent harm, the appropriate procedure would be for G.Y.J.P. to move for a preliminary injunction, not for the Court to expedite summary judgment briefing with no good cause shown.

For these reasons, it is hereby

**ORDERED** that the Plaintiff's motion for briefing schedule is DENIED; it is further

**ORDERED** that the Plaintiff's motion to designate this case as related to *J.B.B.C. v. Wolf*, No. 20-cv-01509-CJN, is DENIED.

**SO ORDERED**.

Dated: July 21, 2020

TREVOR N. McFADDEN
United States District Judge